Kent J. Schmidt (SBN 195969)
*schmidt.kent@dorsey.com*
**DORSEY & WHITNEY LLP**
600 Anton Blvd., Suite 2000
Costa Mesa, CA 92626
Tel: (714) 800-1400; Fax: (714) 800-1499

Nicholas J. Pappas*
*pappas.nicholas@dorsey.com*
**DORSEY & WHITNEY LLP**
51 W 52nd Street,
New York, NY 10019-6119
Tel: (212) 415-9200;  Fax: (212) 953-7201

Alan J. Iverson*
*iverson.alan@dorsey.com*
**DORSEY & WHITNEY LLP**
50 S. 6th Street, #1500
Minneapolis, MN, 55402
Tel: (612) 340-2600; Fax: (612) 340-2868

Attorneys for UMR, Inc.

*Pro hac vice forthcoming

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CLEANQUEST, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UMR, INC. AND DOES 1-10<br><br>DefendantS. | CASE NO. _____<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**(28 U.S.C. §§ 1331 AND 1441(a))**<br><br>(Superior Court of the State of California, County of Orange, Case No. 30-2025-01509209-CU-BC-CJC)<br><br>[Filed Concurrently with Appendix of State Court Pleadings and Documents and Civil Cover Sheet]<br><br>Complaint Filed: September 5, 2025 |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446(a) and 29 U.S.C. § 1132(e)(1), Defendant UMR, Inc. ("UMR") hereby removes this action from the Superior Court of California for the County of Orange to the United States District Court for the Central District of California – Southern Division. Removal is proper on the following grounds:

1.     On September 5, 2025, Plaintiff Cleanquest, LLC ("Plaintiff") filed its Complaint in the Superior Court of the State of California for the County of Orange. A copy of the Complaint styled *Cleanquest, LLC v. UMR, Inc., et al.*, Case No. 30-2025-01509209-CU-BC-CJC, is attached hereto as **Exhibit A**. The Complaint identifies UMR as the defendant.

2.     UMR was served with the Summons and Complaint on October 16, 2025. *See* Exhibit A.

3.     A true and correct copy of all process, pleadings, and orders filed in the state court action are attached to the concurrently-filed Appendix of State Court Pleadings and Documents.

4.     The Complaint alleges that UMR "drafted, issued, underwr[ote] and/or administered" certain "health insurance plans" relating to patients who received laboratory testing by Plaintiff. (Compl. ¶ 5.) Plaintiff alleges that it received valid assignments from those patients and brings this action as an assignee. (*Id.* ¶ 26.)

5.     Plaintiff asserts a claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, arising out of UMR's alleged administration of ERISA-governed health benefits plan. (*Id.* ¶¶ 24-40.) Specifically, Plaintiff alleges that UMR violated 29 U.S.C. § 1132 by, *inter alia*, failing to pay health benefit claims consistent with the terms of the underlying ERISA health benefit plans. (*Id.* ¶ 31.)

6.     Because Plaintiff asserts claims arising under the laws of the United States (ERISA), this action is one over which this United States District Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). Removal is also proper pursuant to those statutes because Plaintiff's state law claims fall within the scope of ERISA's complete preemption doctrine. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 221 (2004). Removal based on complete ERISA preemption is appropriate if "an individual, at some point in time, could have brought [the] claim under" Section 502(a) and "no other independent legal duty [] is implicated." *Id.* at 210.

7.     This Notice is filed within 30 days of United being served with the Summons and Complaint pursuant to 28 U.S.C. § 1446(b)(1). Accordingly, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

8.     This case is properly removed to this Court under 28 U.S.C. § 1441(a) because the Superior Court of the State of California, County of Orange is located within Orange County, California, which is within the Southern Division of the Central District of California. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

9.     A true and correct copy of this Notice of Removal will be filed with the State Court in accordance with 28 U.S.C. § 1446(d), along with a notice of that filing, a copy of which will be served on all parties. A copy of the Notice of Filing Notice of Removal to Federal Court, without exhibits, is attached hereto as **Exhibit B**.

10.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of UMR's rights to assert any defense or affirmative matter under California law and/or Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

WHEREFORE, Defendant UMR removes this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California.

**NOTICE OF REMOVAL**

1

2  Dated:  November 13, 2025

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: _/s/ Kent J. Schmidt_ _____

Kent J. Schmidt
*schmidt.kent@dorsey.com*
DORSEY & WHITNEY LLP
600 Anton Blvd., Suite 2000
Costa Mesa, CA 92626
Tel: (714) 800-1400;
Fax: (714) 800-1499

Nicholas J. Pappas*
*pappas.nicholas@dorsey.com*
DORSEY & WHITNEY LLP
51 W 52nd Street,
New York, NY 10019-6119
Tel: (212) 415-9200;
Fax: (212) 953-7201

Alan J. Iverson*
*iverson.alan@dorsey.com*
DORSEY & WHITNEY LLP
50 S. 6th Street, #1500
Minneapolis, MN, 55402
Tel: (612) 340-2600;
Fax: (612) 340-2868

*Pro hac vice forthcoming*

Attorneys for Defendant UMR, Inc.

NOTICE OF REMOVAL

**PROOF OF SERVICE**

**STATE OF MINNESOTA, COUNTY OF HENNEPIN**

I am employed in the City of Minneapolis, County of Hennepin, State of Minnesota. I am over the age of 18 years and not a party to the within action. My business address is 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402. On November 13, 2025, I served the documents named below on the parties in this action as follows:

**DOCUMENT(S) SERVED:**    **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

**SERVED UPON:**    JOHN W. TOWER, ESQ. #106425
LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA 92024
(760) 436-5589 / Fax (760) 479-0570
Towerlawsd@gmail.com

Attorney for Plaintiff Cleanquest, LLC

☐ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☒ (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐ (BY ELECTRONIC MAIL) The above-referenced document was transmitted in "pdf" format by electronic mail ("e-mail") to each of the e-mail addresses listed, and no errors were reported.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on November 13, 2025 at Minneapolis, Minnesota.

_/s/ Jessica Andersen_
Jessica Andersen

**PROOF OF SERVICE**

# EXHIBIT A

Case Summary:

| Case Id: | 30-2025-01509209-CU-BC-CJC |
|---|---|
| Case Title: | CLEANQUEST, LLC VS. UMR, INC. |
| Case Type: | BREACH OF CONTRACT/WARRANTY |
| Filing Date: | 09/05/2025 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 11541900 RECEIVED ON 09/05/2025 12:44:34 PM. | 09/09/2025 | | *NV* | |
| 2 | COMPLAINT (DEMAND FOR JURY TRIAL) FILED BY CLEANQUEST, LLC ON 09/05/2025 | 09/05/2025 | | 16 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY CLEANQUEST, LLC ON 09/05/2025 | 09/05/2025 | | 2 pages | ☐ |
| 4 | SUMMONS ISSUED AND FILED FILED BY CLEANQUEST, LLC ON 09/05/2025 | 09/05/2025 | | 1 pages | ☐ |
| 5 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 435.00, TRANSACTION NUMBER 13682144 AND RECEIPT NUMBER 13510404. | 09/09/2025 | | 1 pages | ☐ |
| 6 | CASE ASSIGNED TO JUDICIAL OFFICER SERVINO, DEBORAH ON 09/05/2025. | 09/05/2025 | | *NV* | |
| 7 | CASE MANAGEMENT CONFERENCE SCHEDULED FOR 02/06/2026 AT 09:00:00 AM IN C21 AT CENTRAL JUSTICE CENTER. | 09/09/2025 | | 2 pages | ☐ |
| 8 | NOTICE OF HEARING OC | 09/09/2025 | | 3 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| UMR, INC. | DEFENDANT | | 09/09/2025 | |
| LAW OFFICE OF JOHN W. TOWER | ATTORNEY | | 09/09/2025 | |
| CLEANQUEST, LLC | PLAINTIFF | | 09/09/2025 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| CASE MANAGEMENT CONFERENCE | 02/06/2026 | 09:00 | C21 | SERVINO |

Print this page

**Exhibit A, Page 7**

JOHN W. TOWER, ESQ. #106425
LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA 92024
(760) 436-5589 / Fax (760) 479-0570
Towerlawsd@gmail.com

Attorneys for Plaintiff
CLEANQUEST, LLC

Assigned for All Purposes
Judge Deborah Servino

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| CLEANQUEST, LLC., a California limited liability company<br><br>            Plaintiff,<br>    vs.<br><br>UMR, Inc., a corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.: 30-2025-01509209-CU-BC-CJC<br><br>**COMPLAINT FOR BREACH OF IMPLIED CONTRACT, VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ, VIOLATION OF ERISA, QUATUM MERUIT AND JURY DEMAND** |

**Exhibit A, Page 8**

Plaintiff certifies that venue is proper in this court as to all Defendants because this is the venue district in which the contracts were formed, where the obligations of the parties were to be performed, where the contracts were breached and where the injuries and damages occurred.

Plaintiff alleges as and for its claims for relief as follows:

## PRELIMINARY ALLEGATIONS

1.      Plaintiff CLEANQUEST, LLC is a California limited liability company authorized to do and doing business in the City of Irvine, County of Orange, State of California and was at all times herein mentioned doing business as a  toxicology testing laboratory and provided services which were or should have been covered by ERISA health insurance plans which Plaintiff is informed and believes and thereon alleges were drafted, provided, sponsored, supplied, underwritten, administered and/or implemented by Defendants and/or Defendants alter egos, related, or parent companies.

2.      Plaintiff is informed and believes and thereon alleges that Defendants UMR, Inc, and DOES, are corporations authorized to do and doing insurance business in the city of City of Irvine, County of Orange, State of California, within the jurisdictional boundaries of this court.

3.      Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 are somehow related to and/or controlled by the named Defendant and are related entities that were somehow involved in the issuing of the plans and/or the handling of the claims described herein.  The true names and capacities of the Defendants sued herein under Section 474 of the Code of Civil Procedure as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the events herein referred to and caused the damages hereinafter alleged.

4.      Plaintiff is informed and believes and thereon alleges that each Defendant is and was at all times mentioned herein acting as the agent, employee, related entity and/or alter ego of each of the remaining Defendants and at all times acted within the scope and authority of said agency, employment and/or other relationship.

5.      At all times herein mentioned, Plaintiff is informed and believes that numerous patients for which it conducted laboratory testing were insured and being treated for substance use

disorders pursuant to ERISA health insurance plans that Plaintiff is informed and believes and thereon alleges were drafted, issued, underwritten and/or administered by Defendants and/or said Defendants' predecessor(s),assignor(s), agent(s), alter ego(s) or related entities, including the DOE Defendants herein. There are numerous patients/insureds whose claims are at issue herein who were covered for the laboratory testing performed by Plaintiff. Confidential HIPAA protected information corresponding to the patient numbers including patient names, dates of birth and subscriber ID's, will be provided directly to counsel for Defendants in confidential private manner upon request. Defendants wrote, issued and/or administered the plans, are in possession of same and are familiar with all terms and conditions.

      6.     The applicable ERISA healthcare plans provide coverage for out-of-network independent laboratory testing as was provided by Plaintiff. While the subject plans were in effect, Plaintiff provided laboratory toxicology testing to the patients and Defendants insureds referred to above who had insurance coverage applicable to the laboratory testing done by Plaintiff. Plaintiff provided laboratory toxicology testing for the patients based on doctors' orders and submitted claims for payment under CPT code 80307 in accordance with the terms and conditions of the insurance plans. With regard to the Defendants herein, Plaintiff is an out-of-network provider. An out-of-network provider is one that is not part of the Defendant's preferred network and has not agreed to any terms associated with the operation of the Defendant's business. In addition, Plaintiff is informed and believes and thereon alleges that the substance use disorder treatment facilities and physicians treating the patients are also out-of-network providers. Plaintiff obtained patient assignment/power of attorney agreements which authorized Plaintiff to act on the patient's behalf in all regards, including obtaining plan documentation, as well as handling claims and appeals under ERISA plans. Plaintiff is informed and believes and thereon alleges that the Defendants adopted the American Society of Addiction Medicine Criteria (ASAM) as their standard for substance use treatment and ancillary services. Plaintiff provided covered medically necessary laboratory toxicology testing services according to the recommended standards of ASAM and has performed all conditions, covenants and promises required to be performed in accordance with the

plans/polices/agreements referred to herein above except, if applicable, those that have been excused, waived or are otherwise inapplicable.

7.      Plaintiff has a history and course of dealing with Defendants whereby Defendants have paid Plaintiff for its laboratory services. However, this case involves claims where Defendants either did not pay anything or made low and erratic claim payments. In some instances, Defendants have paid disparate amounts for the same patient during the same episode of care. These erratic and inconsistent payment patterns cannot be explained away by deductibles, co-insurance, or co-payments. The disparate payment amounts are often driven by disparate allowed amounts or improper denials by the Defendants. When claims were not paid or underpaid, Plaintiff submitted proper and timely appeals based on the patient assignment/power of attorney agreements in accordance with the Defendants applicable procedures.

8.      Within the past two years, at Orange County, California, the Defendants breached their contractual obligations and/or committed other wrongful acts and omissions by refusing to pay Plaintiff based on the plan/policy provisions, the previously paid historical rate, and/or the reasonable value of the services but instead denied claims paying nothing at all, or paid a different and significantly lower amount for the laboratory toxicology testing services. Plaintiff is informed and believes that the disparate/erratic daily payment and allowed amounts are not in compliance with Defendants plans/policies, rates paid on other consistently paid claims (based on billed amounts) and/or the reasonable value of the services, but are paid at much lower unsustainable and unreasonable amount. Plaintiff is informed and believes and thereon alleges that UMR has denied claims based upon specious medical necessity and place of service assertions thereby refusing to make payments on claims. Plaintiff does not determine medical necessity. Medical necessity is determined by the ordering or treating physician who ordered the tests at issue herein. Plaintiff processes the order through highly complex clinical laboratory machines, analyzes test results, and provides a report to the ordering physician. When sending claims to UMR, Plaintiff used the CMS prescribed place of service code 81 for independent laboratories. Place of service code 81 is universally used and recognized in the laboratory testing industry and accepted by other major insurance companies, including CMS. Place of service code 81 is the place where the laboratory

**Exhibit A, Page 11**

services are performed or rendered. CMS is the owner of the place of code set that is used by the National Uniform Claims Committee (NUCC), which was created to develop a standardized data set for use by the non-institutional health care community to transmit claim and encounter information to and from all third-party payers. The NUCC is chaired by the American Medical Association (AMA), with the Centers for Medicare and Medicaid Services (CMS) as a critical partner. The committee is a diverse group of health care industry stakeholders

representing providers, payers, designated standards maintenance organizations, public health organizations, and vendors.   The NUCC states that 81 is the place of service for tests performed or rendered at an independent clinical laboratory like the Plaintiff. The NUCC 1500 Health Insurance Claim Form Reference Instruction Manual for Form Version 02/12 provides instruction for the completion of the 1500 Health Insurance Claim form. Defendants also claim that Plaintiff should be paid under an inapplicable Medicare Physician Fee Schedule, when as a Clinical Laboratory it is paid pursuant to the Clinical Laboratory Fee Schedule. The MLN Fact Sheet: Clinical Laboratory Fee Schedule confirms that the Clinical Laboratory Fee Schedule is different from the Medicare Physician Fee Schedule, as well as explains that CMS reimburses a "nominal fee for specimen collection" and that independent laboratories are paid directly by CMS for diagnostic clinical laboratory tests. Defendants have also erratically refused to respond to Plaintiffs requests for plan and other documents/information on which their claim adjudication is based which Plaintiff is entitled to under ERISA, even though Plaintiff has authorizations, assignments and powers of attorney from the patients with claims at issue herein empowering Plaintiff to act on their behalf's and obtain the information. For all but a few exceptions, when Plaintiff asked Defendants for copies of plan documents, Defendants ignored the requests or refused to provide documents.  Plaintiff is informed and believes and thereon alleges that Defendants have committed other wrongful acts and/or omissions which will be subject to proof at the time of trial. As a direct and proximate result of the facts and conduct alleged herein, Plaintiff has been significantly damaged by unreimbursed and under reimbursed claims, and an unconscionable injury would result to Plaintiff if Defendants are not required to pay based on the terms and rates of applicable plans/policies, reasonable value of the services, and/or represented/agreed to rate. Based on their conduct, Defendants are equitably

estopped from denying the agreement/obligation to pay the reasonable value of the services, plan document rate or otherwise correct amount.

## FIRST CAUSE OF ACTION

### (Breach of Implied Contract)

9.      Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 8, as though fully set forth herein.

10.      Plaintiff submitted proper claims for the laboratory services under CPT code 80307; however, Defendants breached the agreements alleged herein, by way of example and without limitation, engaging in the conduct alleged herein, including but not limited to not paying claims or grossly under paying claims.

12.      As a proximate and direct result of the Defendants' breach of contract, Plaintiff has suffered, and will continue to suffer in the future, damages subject to proof at the time of trial.

13.      Plaintiff provided the laboratory toxicology testing services for the patients/insureds identified herein in reasonable reliance upon the representations and conduct of the Defendants, including the verification of benefits for substance use disorder services obtained by referring facilities, and submitted claims to Defendants for those services under CPT code 80307.

14.      Plaintiff providing the laboratory toxicology testing services in reliance on the representations/communications/agreements and past and continuing course of dealing by Defendants was not gratuitous. Defendants benefitted from Plaintiff's services since the subject plans require Defendants to provide out of state and out-of-network options for laboratory testing to insureds under the plans. As a properly licensed independent testing laboratory, Plaintiff provides this benefit.

15.      The amounts that Plaintiff billed for the laboratory toxicology testing services were and are the reasonable value of those services and were and are the usual and customary rate for those services. Nevertheless, Defendants have refused to pay based on the reasonable value of the services and/or plan document rate as they represented and agreed, and instead have paid only a small fraction of the plan document rate and/or reasonable value of the services and often paid nothing at all for proper claims for covered medically necessary services.

16.     Under the circumstances, Defendants cannot conscientiously refuse to pay the balance due for the patients/insureds identified herein and Defendants should be required to pay the remainder of the reasonable value of the services or plan document rate for the laboratory toxicology testing services provided by Plaintiff to the insureds of Defendants.

## SECOND CAUSE OF ACTION

### (Violation of California Business and Professions Code section 17200)

17.     Plaintiff realleges and incorporates herein by reference every allegation contained in all of the paragraphs in this third amended complaint as though set forth fully herein.

18.     At all times relevant herein, California Business and Professions Code section 17200 et seq. was in full force and effect. The Defendants have engaged in a pattern of conduct including, by way of example and without limitation, the acts and omissions alleged herein. This past and continuing conduct is unlawful, unfair and/or fraudulent and constitutes an unfair business practice under California law.

19.     Defendants have used improper and/or inadequate information regarding appropriate payment rates for the claims at issue herein, have acted in bad faith using inconsistent allowed amounts for the payments, refused to pay for services in accordance with the terms and conditions of the applicable plans/policies, engaged in a continuing pattern of conduct to under pay and/or delay payment, demanded that Plaintiff use inapplicable place of service coding for the laboratory services, refused to acknowledge valid assignment/power of attorney agreements, and have refused to provide plan documents even though they were provided with comprehensive ERISA compliant assignment/power of attorney/authorizations to disclose agreements. The result is that Plaintiff in this case, and other providers of laboratory services, are under severe financial risk due to delayed cash flow and decreased profit from operations, and insured substance use disorder patients are potentially exposed to significant financial liability, causing irreparable harm for which Plaintiff does not have an adequate legal remedy. Plaintiff has been and continues to be injured in fact by the conduct of the Defendants and there is a causal link between the Defendants violation of Business and Professions Code section 17200 alleged herein and the injury in fact and/or restitutionary damages suffered by Plaintiff.

20.    The Defendants continue to engage in the conduct complained of herein that offend established public policy and which is unethical, oppressive, unscrupulous, unlawful, unfair, fraudulent and substantially injurious to the public at large in that, by way of example and without limitation, those battling substance abuse who walk a fine line between sobriety and relapse are placed in a position where they are erroneously financially responsible for considerable sums of money for treatment received, and providers of substance use disorder treatment are placed in a position where they may be required to pursue former patients for erroneous payment of substantial funds that were promised to be paid by Defendants. This places former patients at risk of relapse, which ironically will increase the use of the substance use disorder benefit offered by the Defendants, and puts toxicology laboratories at financial risk due to underpayments for services provided in good faith. This conduct is particularly egregious because it essentially has the effect of removing out-of-network treatment options for insureds because out-of-network laboratory providers may have to shutter their organizations due to cash flow and profit concerns for services provided in good faith but not reimbursed appropriately. Plaintiff is informed and believes and thereon alleges that this is to Defendants advantage as the unfair business practice is designed to drive providers in-network through adhesion contracts. Providers who choose to be out-of-network understand that they bear the financial risk for the difference between their billed charge and the Defendant reimbursement. The reimbursement should be driven by the elements of the plan document, not arbitrary and capricious reimbursement policies that are not revealed to the patient or the out-of-network provider and are not part of the plan document. This unfair business practice is to the detriment of the many unfortunate people who suffer from substance use disorder as it creates an environment where the patient has no idea what the Defendant will reimburse for out-of-network clinical laboratory services. If the patient chooses an in-network provider, they understand exactly what their payment will be. The business practice is designed to minimize the use of out-of-network providers while charging the patient elevated premiums for the ability to seek out-of-network services. These practices are one of the reasons there is a focus on enforcement of the Mental Health Parity and Addiction Equity Act. The Defendants have placed more stringent policies with respect to

clinical laboratory drug screens versus diabetic blood sugar screens as an example. The Defendant's behavior is particularly concerning during the ongoing national substance abuse/opioid crisis.

21.     The Defendants conduct, including misrepresenting the amount it will pay for services in the plan document, paying substantially lower amounts for services than it is obligated to in the plan document, demanding a place of service code different than the testing location recognized by the NUCC and CMS, and ignoring communications and requests for information, is unlawful and unfair, oppressive and constitutes fraud against Plaintiff. It should be noted that United's refusal to recognize the correct place of service code is not based on the plan documents, but rather United's own internally developed policies. Plaintiff is informed and believes and thereon alleges that Defendants conduct is in violation of California law, including but not limited to California Business and Professions Code section 17200, et. seq., California Health and Safety Code sections 1371.37 and 1371.8, California Insurance Code Sections 790.03 and 796.04, and California's parity laws.

22.     Plaintiff seeks compensation for the damages arising from the conduct and activities of Defendants in violation of Business and Professions Code section 17200 as alleged herein, including but not limited to disgorgement of illegal profits and/or ill-gotten financial gains, and restitutionary damages in an amount according to proof at the time of trial. Plaintiff also requests injunctive relief enjoining Defendants from engaging in the conduct alleged herein and appointment of a receiver over Defendants pursuant to California Business and Professions Code section 17203.

23.     Plaintiff requests injunctive or other equitable relief since the harm in not granting injunctive relief greatly outweighs any possible harm to Defendants if injunctive relief is granted that prohibits Defendants from engaging in the conduct alleged herein. Because the Defendants engaging in an unfair, unlawful and fraudulent business practice, Plaintiff is entitled to claim reasonable attorney's fees in an amount to be determined according to proof at the time of trial.

## THIRD CAUSE OF ACTION

### (Violation of ERISA-29 U.S.C. §1132 )

24.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 23 as though set forth fully herein.

25.    The insureds/patients with claims at issue in this action were/are insured under ERISA plans. Defendants drafted and are in possession of all of the plans for the patients/insureds.

26.    Plaintiff has received valid assignments and powers of attorneys from the patients which include the right to assert ERISA claims on behalf of the patients and to brings this ERISA claim on their behalf as the assignee and attorney in fact of these patients. These power of attorney/assignment forms provide in part:

> *"A.POWER OF ATTORNEY FOR ERISA AND OTHER CLAIMS*
>
> I hereby appoint the Facility and its agents as my true and lawful attorneys-in-fact for the specific purpose of pursuing claims on my behalf against my insurer, employer benefit plan, or third-party administrator related to the services provided to me by the Facility. These claims shall include, but are not limited to:
>
> (1) administrative appeals related to insurance benefits for services provided to me; and
> (2) claims brought pursuant to federal law and/or the provisions of ERISA, whether such claims seek benefits, statutory penalties, or prospective, retrospective, monetary, legal, equitable, or other relief, including without limitation claims for breach of fiduciary duty and/or any claims related to the Mental Health Parity and Addiction Equity Act of 2008('Parity Act'); and
> (3) claims brought pursuant to any state law, whether such claims seek benefits, statutory penalties, or prospective, retrospective, monetary, legal, equitable, or other relief, including without limitation claims related to bad faith, consumer protection and/or claims under any state law equivalent of the Parity Act.
>
> Furthermore, I instruct the Facility to use whatever funds may be recovered as a result of actions brought on my behalf to reduce or eliminate any debt I may owe to the Facility and any related debt owed by the Facility for expenses incurred whilst seeking full reimbursement from my insurer, employer benefit plan, or third-party administrator.
>
> I appoint the Facility as a true and lawful attorney-in-fact for the limited purpose of receiving, endorsing, and depositing to its account any checks, drafts, or money orders made payable to me for payments due under my health plan for services provided to me by the Facility."

27.    Additionally, when claim forms were submitted for the patients, the industry standard 1500 forms showed in field 27 that the claims had been assigned to Plaintiff..

**Exhibit A, Page 17**

28.    Plaintiff's patient assignors were subscribers and/or plan participants in ERISA healthcare insurance plans that Plaintiff is informed and believes and thereon alleges were and are drafted, issued, underwritten and administered by Defendants and/or Defendants' predecessor(s)/assignor(s) who wrote the plan, are in possession of same and are familiar with its terms and conditions. When some of the claims were paid (or underpaid), payments were made directly to Cleanquest demonstrating that Defendants acknowledged and accepted the assignment, as is the custom and practice in the industry. Moreover, in the instances in which Defendants did provide requested documents, Defendants sent documents to Cleanquest in acknowledgement of the valid assignments/powers of attorneys.  Unfortunately, Plaintiff's plan document requests are still not universally fulfilled by the Defendants who generally have refused to respond to Cleanquest on the basis that its ERISA compliant authorization form was not adequate.

29.    While the subject plans were in effect, Plaintiff performed independent laboratory toxicology testing for its patients/Defendants insureds which was a covered benefit under the plans for which Plaintiff made proper claims for benefits by properly and timely submitting claims in accordance with the provisions of the policy. When submitting the claims, in field 24B Plaintiff used place of service code 81 which is the appropriate place of service code for an independent testing laboratory per CMS.  CMS is the owner of the place of code set which is used by the National Uniform Claims Committee (NUCC), which was created to develop a standardized data set for use by the non-institutional health care community to transmit claim and encounter information to and from all third-party payers. It is chaired by the American Medical Association (AMA), with the Centers for Medicare and Medicaid Services (CMS) as a critical partner. The committee is a diverse group of health care industry stakeholders representing providers, payers, designated standards maintenance organizations, public health organizations, and vendors.

30.    Plaintiff has performed all conditions, covenants, and promises required  to be performed in accordance with the terms and conditions of the applicable plans referred to herein above except, if applicable, those that have been excused, waived and/or rendered futile by Defendants.  In connection with the claims at issue herein, not only did Plaintiff submit timely and proper claims, but Plaintiff also submitted proper and timely appeals of claim denials and/or

underpayments to Defendants as alleged herein. Plaintiff exhausted the internal appeal process required by the Defendants.

31.     Within the past two years, at Irvine, California, the Defendants breached their contractual, ERISA and/or fiduciary obligations under the subject plans and violated the provisions of 29 U.S.C. §1132 by arbitrarily and capriciously failing to honor Plaintiff's claims under the healthcare insurance plans, by engaging in the conduct alleged herein, by refusing to respond to requests for plan documents and information, by failing to explain the reasons for non or under payment of claims based upon the underlying plan document, by arbitrarily and capriciously denying or grossly underpaying claims that were clearly covered in accordance with plan documents, by ignoring and/or arbitrarily and capriciously denying reasonable and appropriate administrative claim denial or underpayment appeals, and in other regards as alleged herein and/or which will be shown according to proof.

32.     The plans at issue provide coverage for non-network independent laboratory testing. Based on doctors orders, Plaintiff provided medically necessary and appropriate diagnostic testing for which Plaintiff submitted proper claims for the patients and claims at issue on industry standard health insurance claim form 1500 approved by the National Uniform Claim Committee. The instructions for completing that form state to enter the appropriate Place of Service Code from www.cms.gov/Medicare/Coding/place-of-service-codes/Place_of_Service_Code_Set.html which states  POS code 81 is the correct code for independent testing laboratories.

33.     Nevertheless, Defendants insist that Plaintiff use a place of service code different than prescribed by the billing form 1500 instructions from NUCC and CMS. On that basis, and purported lack of medical necessity, Defendnats denied the claims. Plaintiff made proper appeals for the claims at issue herein after they were underpaid or denied.

34.     In many cases, Defendants ignored or refused to respond to Plaintiff's appeals. In others, the Defendants refused to change the claim decisions even though the claim adjudication was clearly wrong. As alleged herein, Defendants denials are clearly wrong and contrary to industry standards as defined by the National Uniform Claims Committee, of which the Defendants are members and contributors, and the CMS prescribed place of service code for independent

laboratories. Despite the Defendant place of service code denials, the Defendant pays other dates of service for the same episode of care with a place of service 81.

35.     Plaintiff has repeatedly requested copies of the ERISA plans for the subject patients, both before and after the filing of this action, and Defendants have refused do so, with a few exceptions. Their refusal to provide plan documents is inexcusable, especially in view of the Assignment/POAs that authorize Cleanquest to request and obtain plan documents. The Defendants refusal to provide plan documents is arbitrary and capricious and in violation of 29 USC section 1132(c)(1) which provides for a daily civil penalty for non-compliance.

36.     In addition, the erratic and inconsistent payments (or nonpayment) of claims as alleged herein shows the Defendants are in violation of 29 CFR § 2560.503-1 which specifies standards for ERISA plans and requires under subsection (b)(5) that; "The claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants."

37.     Not only is the conduct of Defendants in violation of 29 CFR § 2560.503-1, but the Defendants are in violation of their own plans which provide coverage for independent laboratory testing. Plaintiff is informed and believes and thereon alleges that Defendants use and misapplication of internal policies created by them, which are not part of the plan documents, violates legal standards, their own standards and constitutes arbitrary and capricious conduct.

38.     In addition to deliberately demanding that Plaintiff use an inappropriate, arbitrary place of service code, Defendants violated ERISA by repeatedly requesting medical records, which Plaintiff provided, but then disregarding the medical records  and denying claims on the basis that medical records were not provided. UMR ignored its own appeal process, and in many instances rendered it futile as UMR simply ignored the information validating claims.

39.     Despite the Plaintiff properly making a claim for benefits for clinical laboratory out-of-network services under the plan's terms, and exhausting the plan's administrative appeals process, Plaintiff was denied the benefits by the Defendants. The Defendants have failed to provide accurate materials summarizing its group health plan, provide benefits and payment according to the

underlying plan document, follow the procedural rules governing the administration of benefits, and to exercise its fiduciary duties of loyalty and due care. The Defendants have made out-of-network benefit reductions and adverse benefit determinations that were not authorized by the plan documents, misrepresented plan information on the EOBs, refused to provide requested plan documents, and made erratic and improper payments of claims.

40.     As a direct and proximate result of the Defendant's conduct alleged herein which constitutes breach of contracts, breach of plan documents, refusal to apply plan terms and conditions to its evaluating and processing claims, refusal to respond to document requests, arbitrary and capricious conduct, breach of fiduciary duties, and other additional violations of 29 U.S.C. §1132, Plaintiff has suffered and will continue to suffer economic injury in fact as alleged herein in an amount according to proof at the time of trial, together with interest thereon at the legal rate. Plaintiff hereby demands payment of past benefits wrongfully withheld with interest thereon at the legal rate. Pursuant to 29 U.S.C. §1132(g) Plaintiff hereby requests attorney's fees and costs in connection with recovering benefits due and owing from the Defendants. Plaintiff also requests this court enter an order directing that the claims at issue be reprocessed using appropriate applicable standards which comply with ERISA, and additional equitable and injunctive relief as may be appropriate under the circumstances.  Plaintiff also requests this court enter appropriate orders sanctioning or levying fines on UMR for refusing to comply with Plaintiffs clearly properly authorized documentation and information requests, and for UMR's stonewalling and lack of cooperation in an effort to frustrate Plaintiff's attempts to have the claims processed and paid correctly.

## **FOURTH CAUSE OF ACTION**

### **(Quantum Meruit)**

41.     Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 40 as though set forth fully herein.

42.      As alleged herein Plaintiff performed laboratory toxicology testing for the insureds/patients whose claims are at issue herein who were insured with Defendants. By virtue of the communications and the course of dealing between Plaintiff and the Defendants, Plaintiff was induced to provide laboratory toxicology testing services.

43.    Plaintiff provided the laboratory toxicology testing services for the patients/insureds identified herein in reasonable reliance upon the representations and conduct of the Defendants.

44.    Plaintiff providing the laboratory toxicology testing services in reliance on the representations/communications/agreements by Defendants was not gratuitous.

45.    The amounts that Plaintiff billed for the laboratory toxicology testing services were and are the reasonable value of those services and were and are the UCR rate for those services. Nevertheless, Defendants have refused to pay based on the UCR as they represented, and instead have denied claims or paid only a small fraction of the reasonable value of the services.

46.    Under the circumstances, Defendants cannot conscientiously refuse to pay the balance due for the patients/insureds identified herein and Defendants should be required to pay the remainder of the reasonable value for the laboratory toxicology testing services provided by Plaintiff to the insureds of Defendants.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1.    For general, special, restitutionary and compensatory damages according to proof.

2.    For prejudgment interest at the legal rate on amounts of benefits wrongfully withheld.

3.    For reasonable expenses incurred, including attorney's fees and other costs, according to proof.

4.    For repossessing of claims and/or other equitable and injunctive relief as the court may deem appropriate under the circumstances.

5.    For a daily civil penalty in the amount allowed by law for any and all refusals to provide requested plan documents pursuant to 29 USC section 1132(C)(1).

5.    For such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  September 5, 2025                LAW OFFICE OF JOHN W. TOWER

By: _____
     JOHN W. TOWER
     Attorney for Plaintiff
     CLEANQUEST, LLC

<u>JURY DEMAND</u>

Plaintiff hereby demands a jury for all issues properly giving rise to the right to trial by jury.

Dated:  September 5 , 2025                LAW OFFICE OF JOHN W. TOWER

By: _____
       JOHN W. TOWER
       Attorney for Plaintiff
       CLEANQUEST, LLC

Electronically Filed by Superior Court of California, County of Orange, 09/05/2025 12:44:34 PM
30-2025-01509209-CU-BC-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By A. Wilcher, Deputy Clerk.
#:24

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>John W. Tower, Esq. SBN 106425<br>2211 Encinitas Boulevard, 2nd Floor, Encinitas, CA 92024<br><br>TELEPHONE NO.: (760) 436-5589     FAX NO. : (760) 479-0570<br>EMAIL ADDRESS: Towerlawsd@gmail.com<br>ATTORNEY FOR (Name): Plaintiff Cleanquest LLC | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive
MAILING ADDRESS: 700 Civic Center Drive
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Cleanquest, LLC v UMR, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>30-2025-01509209-CU-BC-CJC |
|---|---|---|
| [x] Unlimited     [ ] Limited<br>(Amount<br>demanded<br>exceeds $35,000) | (Amount<br>demanded is<br>$35,000 or less) | [ ] Counter     [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Assigned for All Purposes<br>DEPT.: Judge Deborah Servino |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more
        issues that will be time-consuming to resolve          courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence          court
                                                         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: September 5, 2025
John W. Tower, Esq.
_____                              ►                    _____
(TYPE OR PRINT NAME)                                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to
  the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**Exhibit A, Page 24**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET     **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE**<br>STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS:  700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME:  Central Justice Center | **FOR COURT USE ONLY**<br><br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLANTIFF: Cleanquest, LLC | |
| DEFENDANT: UMR, Inc. | **Sep 9, 2025** |
| Short Title: CLEANQUEST, LLC VS. UMR, INC. | Clerk of the Court<br>By: A. Wilcher, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2025-01509209-CU-BC-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>02/06/2026</u> at  <u>09:00:00 AM</u> in Department <u>C21</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: *Alexis Wilcher* , Deputy

Exhibit A, Page 26

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** CLEANQUEST, LLC VS. UMR, INC.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: **30-2025-01509209-CU-BC-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 09/09/2025. Following standard court practice the mailing will occur at Sacramento, California on 09/10/2025.

Clerk of the Court, by: _Alexis Wilcher_ , Deputy

LAW OFFICE OF JOHN W. TOWER
2211 ENCINITIAS # 2ND FLOOR
ENCINITAS, CA 92024

---

V3 1013a (June 2004)    Code of Civil Procedure , § CCP1013a(a)



# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana,  CA  92702

### PAYMENT RECEIPT

**E-Filing Transaction #:** 11541900

**Receipt #:**  13510404

| | | | | | |
|---|---|---|---|---|---|
| **Clerk ID:** awilcher | **Transaction No:** 13682144 | | **Transaction Date:** 09/09/2025 | **Transaction Time:** 03:40:27 PM | |

| Case Number | Fee Type | Due Date | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|---|
| 30-2025-01509209-CU-BC-CJC | 194 - Complaint or other 1st paper | 09/05/2025 | 1 | $435.00 | $435.00 | $435.00 | $0.00 |

|  |  |
|---|---|
| Sales Tax: | $0.00 |
| **Total:** | **$435.00** |

**Total Rem. Bal:**

| E-Filing :  - OneLegal | |

| | |
|---|---|
| E-Filing: | $435.00 |
| Total Amount Tendered: | $435.00 |
| Change Due: | **$0.00** |
| Balance: | **$0.00** |

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

**Exhibit A, Page 28**

Electronically Filed by Superior Court of California, County of Orange, 09/05/2025 12:44:34 PM.
30-2025-01509209-CU-BC-CJC - ROA #4 - DAVID H. YAMASAKI, Clerk of the Court By A. Wilcher, Deputy Clerk.
#:29

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UMR, Inc., a corporation; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CLEANQUEST, LLC, a California limited liability company

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court
700 Civic Center Drive, Santa Ana CA 92071

CASE NUMBER:
*(Número del Caso):* 30-2025-01509209-CU-BC-CJC

Assigned for All Purposes
Judge Deborah Servino

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John W. Tower, Esq., 2211 Encinitas Boulevard, 2nd Floor, Encinitas, CA 92024, (760) 436-5589

DATE: 09/05/2025
*(Fecha)*

Clerk, by *Alexis Wilcher* A. Wilcher , Deputy
*(Secretario)* *(Adjunto)*

DAVID H. YAMASAKI, Clerk of the Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**Exhibit A, Page 29**

Electronically Filed by Superior Court of California, County of Orange, 09/05/2025 12:44:34 PM.
30-2025-01509209-CU-BC-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By A. Wilcher, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td>FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UMR, Inc., a corporation; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CLEANQUEST, LLC, a California limited liability company

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court

700 Civic Center Drive, Santa Ana CA 92071

| CASE NUMBER:<br>*(Número del Caso):* 30-2025-01509209-CU-BC-CJC |
|---|
| **Assigned for All Purposes**<br>Judge Deborah Servino |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John W. Tower, Esq., 2211 Encinitas Boulevard, 2nd Floor, Encinitas, CA 92024, (760) 436-5589

| DATE:<br>*(Fecha)* 09/05/2025 | Clerk, by<br>*(Secretario)* *Alexis Wilcher* A. Wilcher , Deputy<br>*(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

DAVID H. YAMASAKI, Clerk of the Court

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* UMR, Inc., a corporation
   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 10/16/25

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**Exhibit A, Page 30**

# EXHIBIT B

1  Kent J. Schmidt (SBN 195969)
   *schmidt.kent@dorsey.com*
2  **DORSEY & WHITNEY LLP**
   600 Anton Blvd., Suite 2000
3  Costa Mesa, CA 92626
   Tel: (714) 800-1400; Fax: (714) 800-1499
4
   Attorney for UMR, Inc.
5

6

7                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                        **COUNTY OF ORANGE**

9

10 CLEANQUEST, LLC,                        CASE NO. 2025-01509209

11              Plaintiff,                 Assigned for all purposes to:
                                           The Honorable Deborah Servino
12 v.                                      Department: C21

13 UMR, INC. AND DOES 1-10,                **NOTICE OF FILING NOTICE OF
                                           REMOVAL**
14              Defendants.
                                           Complaint Filed: September 5, 2025
15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF FILING NOTICE OF REMOVAL

TO:    Superior Court Clerk, Superior Court of California, County of Orange, 700 Civil Center Drive, Dept. C25, Santa Ana, CA, 92701.

**PLEASE TAKE NOTICE** that on November 13, 2025, Defendant UMR, Inc. filed a Notice of Removal of Action to Federal Court with the United States District Court for the Central District of California, removing this action to federal court from the Superior Court of California, County of Orange. A copy of the Notice of Removal is attached hereto as **Exhibit 1**. A copy of the Complaint can be found as Exhibit A to the Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), the Superior Court of California, County of Orange, shall proceed no further with this lawsuit.

Dated:  November 13, 2025

By:_____

Kent J. Schmidt
*schmidt.kent@dorsey.com*
DORSEY & WHITNEY LLP
600 Anton Blvd., Suite 2000
Costa Mesa, CA 92626
Tel: (714) 800-1400;
Fax: (714) 800-1499

Attorney for Defendant UMR, Inc.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626. On November 13, 2025, I served the documents named below on the parties in this action as follows:

**DOCUMENT(S) SERVED:**          **NOTICE OF FILING NOTICE OF REMOVAL**

**SERVED UPON:**                        JOHN W. TOWER, ESQ. #106425
                                                LAW OFFICE OF JOHN W. TOWER
                                                2211 Encinitas Blvd., 2nd Floor
                                                Encinitas, CA 92024
                                                (760) 436-5589 / Fax (760) 479-0570
                                                Towerlawsd@gmail.com

                                                Attorney for Plaintiff Cleanquest, LLC

☐   (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☒   (BY FEDERAL EXPRESS) I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐   (BY ELECTRONIC MAIL) The above-referenced document was transmitted in "pdf" format by electronic mail ("e-mail") to each of the e-mail addresses listed, and no errors were reported.

☒   (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 13, 2025 at Costa Mesa, California.

_____
Cheryl Potter

1

**Exhibit B, Page 34**
NOTICE OF FILING NOTICE OF REMOVAL